MOISE, Justice
 

 (concurring).
 

 I am expessing these views in the hope of invoking relief by the Legislature, so that the observations made by my colleague, Mr. Justice Fournet, in the majority opinion of the court in the case of Moy et al. v. Schuylkill Products Co. et al., 209 La. 782, 25 So.2d 542, 543, relating to the dependency of children on their parents under the Workmen’s-Compensation Law, will be effectively heard. In that-case, Mr. Justice Fournet speaks thusly: “However unfair it may seem that these unfortunate
 
 *293
 
 children should he made to continue suffering because of the unworthiness of their father, simply because their mother or some one else on their behalf did not coerce him by means of legal proceedings to fulfill the duties legally imposed upon him as their father, our lawmakers did not provide for such a case under our compensation law and we are powerless to prevent the perpetuation of this injustice that has been brought upon them through no fault of theirs and that must, in the future, be continued in similar instances until the legislature, in its wisdom, may see fit to correct ■the same, since this is a matter that falls exclusively within the province of that branch of our government.”
 

 When the Legislature passes a law within the general scope of its constitutional powers, the court cannot pronounce it void merely because it is, in the court’s judgment, contrary to the principles of right and natural justice. In such an event, all that the court can say is that the Legislature is the possessor of equal right of authority and has passed an amendatory act, which, in the opinion of the court, is contrary to the abstract opinion of right. The repeal of a natural law of dependency by the Legislature is that body’s prerogative but it does violation to the rule of reason. In the instant cáse, the father of the child was killed while performing services for the master. This is one of the conditions precedent for the bringing of a suit under the Workmen’s Compensation Law for the dependent child. That father was a fugitive from justice— being charged in the criminal court of competent jurisdiction for the failure to support his minor child. The mother and father had been divorced, the custody of the child granted to the mother. Through the father’s turpitude, the child received no contribution for support. Through the divorce proceedings and awarding of custody, the child lived with its grandmother. The assured urged these grounds as a defense to the action; and, under the Workmen’s Compensation Law, from the language used in the mandatory acts, the child cannot recover as a dependent. The unfortunate circumstance is that the Legislature made the fact of dependency based on the contributions of the parent during his life and the residence of the child with the parent, when it should have made the question of dependency the basis of relief and for recovery. Dependency is the essential; contributions by the parent and residence only the accidental.
 

 I respectfully concur.